UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBRA CIECALONE, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:10CV1054 JCH |
| | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motions to Dismiss Count II of Plaintiff's Amended Complaint, filed March 4, 2011. (Doc. Nos. 37, 40). The motions are fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff's Decedent, Charles Ciecalone, was an employee of Defendant Iron Data Solutions, LLC ("Iron Data"). (Amended Complaint, ¶¶ 1, 5, 8). According to Plaintiff, Mr. Ciecalone was an employee beneficiary under the Iron Data Solutions, LLC Optional Term Life and Accidental Death and Dismemberment Plan ("Iron Data Plan" or "Plan").[1] (Id., ¶¶ 1, 8). Defendant Metropolitan Life Insurance Company ("MetLife") issued the Iron Data Plan, and Defendant Iron Data serves as Plan administrator. (Id., ¶¶ 1, 5, 6).

Charles Ciecalone died on August 4, 2009, due to the effects of an acute subdural hemorrhage. (Amended Complaint, ¶ 8). On August 15, 2009, Plaintiff filed a claim for benefits

---

[1] The Iron Data Plan is an ERISA-governed employee welfare benefit plan, which provides life insurance benefits to eligible participant employees of Iron Data, subject to the terms and conditions of the Plan. (Amended Complaint, ¶ 7; Defendant Iron Data's Answer, ¶ 7; Defendants MetLife and Iron Data Plan's Answer, ¶¶ 6, 7).

under the Iron Data Plan. (Id., ¶ 10). Defendant MetLife denied the claim in a letter dated October 5, 2009. (Id., ¶ 11). Plaintiff appealed the denial on November 23, 2009, and MetLife affirmed its denial of benefits in a letter dated March 10, 2010. (Id., ¶¶ 12, 13).

Plaintiff filed her original Complaint in this matter on June 10, 2010, against Defendants MetLife and Iron Data Plan. (Doc. No. 1). Plaintiff asserted claims for Wrongful Denial of Life Insurance Benefits (Count I), and Unjust Enrichment (Count II).[2] On February 8, 2011, the Court granted Plaintiff leave to file an Amended Complaint. (Doc. No. 29).[3] In her Amended Complaint, Plaintiff added Iron Data as a Defendant. (Doc. No. 30). Furthermore, in addition to restating her claims for Wrongful Denial of Life Insurance Benefits and Unjust Enrichment (now Count III, plead in the alternative to Counts I and II), Plaintiff added a claim for Breach of Fiduciary Duty under 29 U.S.C. §§ 1132(a)(2) and 1109(a). (Id., Count II). As stated above, Defendants filed the instant Motions to Dismiss on March 4, 2011, asserting Count II of Plaintiff's Amended Complaint must be dismissed for failure to state a claim for which relief may be granted. (Doc. Nos. 37, 40).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted, however, if the Complaint does not contain, "enough facts to

---

[2] Plaintiff's claim for Unjust Enrichment was pleaded in the alternative to her claim for Wrongful Denial of Life Insurance Benefits.

[3] Contrary to Plaintiff's contention in her Response to Defendants' Motions to Dismiss, by allowing the amended pleading the Court did not determine that the proposed pleading could withstand a Rule 12(b)(6) motion to dismiss that had not yet been filed.

state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted); Huang v. Gateway Hotel Holdings, 520 F.Supp.2d 1137, 1140 (E.D. Mo. 2007). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

## **DISCUSSION**

In Count II of her Amended Complaint, Plaintiff alleges Defendants breached their fiduciary duty, by failing to provide Plaintiff's Decedent with the information necessary to perfect his enrollment under the Iron Data Plan. As relief, Plaintiff requests a finding that she is entitled to life insurance benefits, an award of proceeds under the Plan (together with interest on the amount of benefits), reimbursement of attorney's fees and costs, and an order removing Defendants as Plan and/or claims administrators for the Iron Data Plan. (Amended Compl., P. 6).

29 U.S.C. § 1132(a)(2) provides a cause of action for breach of fiduciary duty under 29 U.S.C. § 1109(a), which states in relevant part as follows:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

Id. As interpreted by the Eighth Circuit, "[o]ne of these remedies [for breach of fiduciary duty by a trustee] is provided by [29 U.S.C. § 1109(a)], which provides that trustees may be personally liable, but only for losses 'to the plan.'" Roth v. Sawyer-Cleator Lumber Co., 61 F.3d 599, 602 (8th Cir. 1995) (internal quotations and citation omitted).

> We determine whether there is a "loss to the plan" by applying a three-step analysis. First, we decide whether the events underlying this action have resulted in a "loss." Second, assuming that a "loss" has occurred, we determine whether that loss is "to the plan" or merely to the beneficiaries. Finally, we determine whether the alleged breach of trust resulted in the identified losses to the Plan.

Id.

In applying the above standards to Count II of Plaintiff's Amended Complaint, the Court finds Plaintiff fails to allege the loss at issue was to the *Plan*, rather than to Plaintiff herself. In other words, the only losses pled relate to the denial of Plaintiff's claim, and her resultant loss of recovery of individual benefits; nowhere does Plaintiff allege a loss of value to the Plan assets themselves. Under these circumstances, Plaintiff's claim for breach of fiduciary duty must be dismissed.

As further support for its ruling, the Court turns to consideration of the specific types of relief sought by Plaintiff in Count II. As noted above, in parts (A), (B), and (C) of her request for relief Plaintiff seeks a finding that she is entitled to life insurance benefits, an award of proceeds under the Plan (together with interest on the amount of benefits), and a reasonable reimbursement of attorney's fees and costs incurred as a result of Defendants' wrongful denial of benefits. (Amended Complaint, P. 6). Under Eighth Circuit law, however, "Section 1109(a) only provides relief to a plan and not to individual beneficiaries." Stark v. Healthy Alliance Life Ins. Co., 2010 WL 4320339 at *3 (E.D. Mo. Oct. 22, 2010) (citing Conley v. Pitney Bowes, 176 F.3d 1044, 1047 (8th Cir. 1999)). Plaintiff therefore does not have a cause of action for an individual award of life insurance benefits under § 1132(a)(2). See Conley, 176 F.3d at 1047; see also Jensen v. AT&T Corp., 2007 WL 2199714 at

*3 (E.D. Mo. Jul. 27, 2007) (citation omitted) ("Plaintiff cannot recover monetary damages for MetLife's alleged breach of fiduciary duty...Recovery for a violation of § 1109 inures to the benefit of the plan as a whole, not the individual beneficiary.").

The Court further finds that Plaintiff is not entitled to relief in the form of an order removing Defendants as Plan fiduciaries, "because [s]he has not pled the type of pattern or practice which would support granting the plan-wide relief authorized by § 1132(a)(2)."[4] Van Gent v. Saint Louis Country Club, 2009 WL 3164418 at *3 (E.D. Mo. Sep. 29, 2009) (citation omitted). In other words, "although § 1132(a)(2) does authorize a participant or beneficiary to seek relief for a plan, [Plaintiff] has not shown how reform of the claim procedure or removal of the fiduciaries will remedy the harms [s]he has allegedly suffered, nor has [s]he produced evidence of a pattern or practice of fiduciary violations that require reform." Conley, 176 F.3d at 1047; see also Stark, 2010 WL 4320339 at *3. The Court thus concludes that with Count II, Plaintiff fails to state a claim for which relief can be granted. Van Gent, 2009 WL 3164418 at *3.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss Count II of Plaintiff's Amended Complaint (Doc. Nos. 37, 40), are **GRANTED**.

Dated this 8th day of April, 2011.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[4] The Court does not agree that Defendants' alleged admission of a pattern or practice of fiduciary breaches (hotly contested by Defendants), obviates Plaintiff's responsibility to comply with the pleading requirements.